IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIRECT MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:06-CV-534-TC |

Plaintiff Direct Mortgage Corporation has filed a motion to certify the court's August 8,

2008 Order as either final under Federal Rule of Civil Procedure 54(b) or appealable as an

interlocutory order under 28 U.S.C. § 1292(b).  Direct Mortgage also seeks a stay pending

appeal.  Defendant National Union Fire Insurance Company of Pittsburgh, PA, filed a notice

stating that it does not oppose Direct Mortgage's motion.

In the court's August 8, 2008 Order, the court ordered the following:

> National Union's Motion for Summary Judgment (Dkt # 28) is GRANTED, and
> Direct Mortgage's claim for coverage [under the Fidelity Bond] is dismissed.  The
> court holds, however, that Direct Mortgage's claims for breach of contract and
> breach of the implied covenant of good faith and fair dealing remain, as they were
> not the subject of the cross-motions and are not moot as a result of the court's
> ruling on coverage.

(Doc. No. 62 at 12-13.)  The court identified this distinction based in part on Direct Mortgage's

opposition to National Union's Motion for Summary Judgment.  In its opposition, Direct

Mortgage emphasized that National Union's motion was only a motion for partial summary

judgment because it did not address Direct Mortgage's claims for breach of contract and breach of the implied covenant of good faith and fair dealing and that it did "not bear upon Direct Mortgage's bad faith claim." (See Doc. No. 45 at 20 (Direct Mortgage alleges that National Union did not adjudicate the claim, and that the facts relating to the issue of coverage were distinct from the other claims).) Furthermore, in its opposition, Direct Mortgage specifically stated that,

> [i]n Utah, the "duty to investigate and reasonably evaluate a . . . claim does not require that the insurer's evaluation ultimately prove to be correct." See Black v. Allstate Ins. Co., 2004 UT 66, ¶ 21, 100 P.3d 1163. Thus, even if this Court concludes that the Bond does not cover Direct Mortgage's losses, that determination would not dispose of Direct Mortgage's serious and substantial claim that [National Union] breached the implied covenant of good faith and fair dealing by failing to timely adjudicate Direct Mortgage's claim; Direct Mortgage is entitled to a timely coverage decision regardless of whether coverage is ultimately granted or denied. Moreover, in Utah, it is also clear that a breach of "the good faith duty to bargain or settle . . . gives rise to a claim for breach of contract." See Beck v. Farmers Ins. Exch., 701 P.2d 795, 798 (Utah 1985) (emphasis added). Thus, a determination of no coverage does not even dispose of Direct Mortgage's breach of contract claim which alleges that [National Union] breached the Bond by not adjudicating Direct Mortgage's claim.

(Id. at 20-21 (emphasis in original; footnote omitted).) (See also Direct Mortgage's Mem. Supp. Mot. to Certify at 3 ("Direct Mortgage's claim for breach of the implied covenant of good faith and fair dealing is not a claim for bad faith *denial* of coverage, but rather for a bad failure to timely adjudicate Direct Mortgage's claim.") (emphasis in original); id. at 6-7 ("Direct Mortgage's breach of the implied covenant claim turns on the facts of what National Union did (or did not do) to timely process Direct Mortgage's claim (whether a claim actually existed or not) in good faith.").)

　　　Now Direct Mortgage seeks to stay resolution of those claims and appeal the coverage

issue.  One of the reasons it provides for seeking certification and a stay is that the question of

"whether the Bond provided coverage may bear on the reasonableness of National Union's delay

in processing Direct Mortgage's claim" and that "in the event that the Tenth Circuit concludes

that there was coverage, Direct Mortgage would then have a basis for asserting a claim for bad

faith denial [for the first time]."  (Id. at 8, 10, 12.)  This is inconsistent with Direct Mortgage's

earlier contentions that the two sets of issues were distinct.

Federal Rule of Civil Procedure 54 provides in relevant part as follows:

> When an action presents more than one claim for relief—whether as a claim,
> counterclaim, crossclaim, or third-party claim—or when multiple parties are
> involved, the court may direct entry of a final judgment as to one or more, but
> fewer than all claims or parties only if the court expressly determines that there is
> no just reason for delay.

Fed. R. Civ. P. 54(b) (emphasis added).  The court must determine whether the decision was

final.  Given Direct Mortgage's most recent representations about the effect it believes the

court's coverage decision has, or might have if reversed, upon the remaining claims, the court

finds that the claims under review are not sufficiently separable from the others remaining to be

adjudicated (i.e., they are not final).  See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1,

8 (1980) (listing separability as factor to consider under 54(b)).

Furthermore, the court should weigh Rule 54(b)'s policy of preventing piecemeal appeals

against the inequities that could result from delaying an appeal.  Stockman's Water Co., LLC v.

Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir 2005).  The court believes that certifying the

order will result in piecemeal appeals and that delay of an appeal will not be inequitable to the

parties.  Accordingly, the court denies Direct Mortgage's motion for certification under Rule

54(b).

As for Direct Mortgage's alternative request for certification under 28 U.S.C. § 1292(b), the court denies the request for reasons of judicial economy.  It is better that Direct Mortgage resolve the final claims in district court before proceeding to the Tenth Circuit.  At that point, Direct Mortgage will have its opportunity to obtain the Tenth Circuit's two cents on the circuit split.

## ORDER

For the foregoing reasons, Direct Mortgage Corporation's Motion to Certify the court's August 8, 2008 Order as final under Rule 54(b) or appealable under 28 U.S.C. § 1292 (Doc. No. 64) is DENIED.  Consequently, its request, in the same motion, for stay pending appeal is DENIED AS MOOT.

DATED this 23rd day of September, 2008.

BY THE COURT:

_Tena Campbell_

TENA CAMPBELL
Chief Judge